**Donald D. LEE and Sally B. Lee, Husband and Wife, Plaintiffs–Respondents,**

v.

**Melodee RUDOLPH–BRADY, Defendant–Appellant.**

Nos. 28368 & 28379.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 18, 2007.

Motion for Rehearing or Transfer Denied Oct. 9, 2007.

Application for Transfer Denied Nov. 20, 2007.

Ronald K. Carpenter, Camdenton, for Appellant.

Michael L. McDorman, Dustin G. Dunklee, Lake Ozark, for Respondents.

NANCY STEFFEN RAHMEYER, Judge.

Before us is an appeal from an order for a new trial for the sole purpose of hearing additional testimony in a court-tried case. The contention on appeal is that the trial court abused its discretion in granting the motion for a new trial; however, we disagree and affirm the order.

Donald D. Lee and Sally B. Lee ("Respondents"), brought suit against Melodee Rudolph–Brady ("Appellant"), claiming fraud in the transfer of real estate from Appellant to Respondents. The trial court entered judgment in favor of Appellant; however, Respondents filed a motion denominated "Motion for New Trial Or, In the Alternative, to Open the Judgment for Additional Testimony," claiming that Appellant perjured herself in the trial. Respondents offered the testimony by way of affidavit of Lois Gonseth to support their claim of perjury. The trial court found good cause to grant the motion, stating:

> The Court in reaching its decision to grant judgment in favor of [Appellant] relied on the fact that Lois Gonseth was a dual agent of both parties and that [Appellant] had disclosed to Lois Gonseth the fact that the carpet in the home had been saturated one time and that Lois Gonseth advised [Appellant] not to disclose this information on the real estate disclosure.

> The Court found that since Lois Gonseth was a dual agent that this information was imputed to [Respondents] whether is [sic] was disclosed by Lois Gonseth or not to [Respondents].

■ Appellant claims in her point on appeal that a new trial was not proper because the evidence proposed by Respondents was not "new evidence" in that (1) it did not come to Respondents knowledge since the trial, (2) due diligence would have uncovered the evidence sooner since Lois Gonseth was clearly a material witness, and (3) the object of the evidence may not be to impeach the character or credit of a witness. *See Williams v. McCoy,* 854 S.W.2d 545, 554 (Mo.App. S.D.1993) (stating the six grounds necessary for allegations of newly discovered evidence). Respondents counter that the order granting the new trial was not based upon the traditional grounds of newly discovered evidence but upon witness perjury. Although Appellant's claim, that the claim of perjury of the witness is merely new evidence which impeaches the witness, has some merit, a review of the motion and the trial court's decision clearly supports Respondents' contention that the judgment was set aside on the basis of a claimed perjury.

■ "It is largely within the discretion of the trial court to determine whether perjury occurred and whether an improper verdict was occasioned thereby." *Hoodco of Poplar Bluff, Inc. v. Bosoluke,* 9 S.W.3d 701, 704 (Mo.App. S.D.1999). This is because it is the trial judge who has the advantage of seeing and observing the witnesses while testifying and is in a much better position to judge their credibility than is an appellate court reviewing the cold record. *Id.* It is appropriate that the trial court in this case, which heard the initial evidence, decided how much credence to give the testimony of Appellant, and granted judgment on the basis of that evidence, determine whether the judgment should stand in the face of an allegation of claimed perjured testimony of one of the primary witnesses. We do not find the trial court abused its discretion in granting a new trial to receive additional evidence; the judgment granting the new trial is affirmed.

LYNCH, C.J., BARNEY, P.J., concur.